1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8
9
10
11
12

RONALD F.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C19-6188 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

13      Plaintiff seeks review of the denial of his applications for Supplemental Security Income

14 and Disability Insurance Benefits.  Plaintiff contends the Administrative Law Judge ("ALJ")

15 erred by rejecting all or part of the opinions of Russell Bragg, Ph.D., Kathleen Mayers, Ph.D.,

16 and Holly Petaja, Ph.D.  Pl. Op. Br. (Dkt. 11).  Plaintiff asks the Court to remand this matter for

17 an award of benefits.  As discussed below, the Court **REVERSES** the Commissioner's final

18 decision and **REMANDS** the matter for further administrative proceedings under sentence four

19 of 42 U.S.C. § 405(g).

20                              **BACKGROUND**

21      Plaintiff is 58 years old, has two years of college education, and has worked as a financial

22 aid counselor and general clerk.  Admin. Record ("AR") (Dkt. 9) 24, 40, 64, 232.  On March 15,

23 2016, Plaintiff applied for benefits, alleging an amended disability onset date of August 11,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

2015.  AR 15, 65, 206–15.  Plaintiff's applications were denied initially and on reconsideration.

AR 64–87, 90–119.  After the ALJ conducted a hearing on July 31, 2018, the ALJ issued a

decision finding Plaintiff not disabled.  AR 15–26.  In relevant part, the ALJ found Plaintiff had

severe impairments of Asperger's Syndrome, depression, and anxiety.  AR 18.  The ALJ found

Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all

exertional levels, but had non-exertional limitations.  AR 20.  The ALJ found Plaintiff could

understand, remember, and carry out simple, routine tasks; follow short, simple instructions;

perform work that requires little or no judgment; perform simple duties than can be learned

quickly on the job; cope with occasional workplace changes, and occasional interaction with

supervisors; work in proximity to coworkers, but not in a team or cooperative effort; and perform

work that involves occasional incidental contact with the general public.  *Id.*  Within those

parameters, Plaintiff could meet ordinary and reasonable employer expectations regarding

attendance, production, and workplace behavior.  *Id.*  He could maintain concentration,

persistence, and pace in two-hour increments.  *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision.  *See* AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for

evaluating evidence, resolving conflicts in medical testimony, and resolving any other

ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the

Court is required to examine the record as a whole, it may neither reweigh the evidence nor

1   substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2   2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

3   interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

4   2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."

5   *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

6          In reviewing medical evidence, an ALJ must give "specific and legitimate reasons that

7   are supported by substantial evidence in the record" for rejecting an examining doctor's

8   contradicted opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Andrews*, 53

9   F.3d at 1043).  An ALJ must also consider evidence from non-examining doctors, and may reject

10  opinions from such doctors "by reference to specific evidence in the medical record." *Sousa v.*

11  *Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

12         **1.     Dr. Bragg**

13         Dr. Bragg examined Plaintiff in March 2016.  *See* AR 585–90.  Dr. Bragg performed a

14  clinical interview and mental status exam.  *See* AR 585–86, 589–90.  He opined Plaintiff had

15  mild to moderate limitations in his ability to perform some basic work activities, but marked to

16  severe limitations in his ability to perform multiple other basic work activities.  *See* AR 587–88.

17         The ALJ gave Dr. Bragg's opinions partial weight. AR 24.  The ALJ agreed with Dr.

18  Bragg's opinions of moderate limitations. *Id.*  But the ALJ rejected Dr. Bragg's severe ratings

19  because Plaintiff "did not require particularly frequent therapy treatment that would support the

20  need for frequent absences or deficits in sustaining full time work." *Id.*  The ALJ found "the

21  results of the claimant's mental status evaluation do not support any marked ratings." *Id.*  And

22  the ALJ found Plaintiff's "self-reports during [Dr. Bragg's] one-time evaluation are also

23  inconsistent with the treatment records." *Id.*

1    The ALJ erred in rejecting Dr. Bragg's opinions based on the frequency of treatment

2    Plaintiff received.  An ALJ may not reject a medical opinion "with boilerplate language that fails

3    to offer a substantive basis for" the ALJ's conclusion.  *Garrison v. Colvin*, 759 F.3d 995, 1012–

4    13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).  The ALJ

5    failed to explain why the frequency with which Plaintiff received treatment contradicted Dr.

6    Bragg's opinions.  Plaintiff went to therapy sessions weekly or every other week for almost two

7    years.  *See* AR 518–60, 627–32, 683–90, 767–806.  Such frequency is not, on its face,

8    inconsistent with findings of marked and severe limitations.  The ALJ thus erred in rejecting Dr.

9    Bragg's opinions on such a vague basis.

10    The ALJ also erred in rejecting Dr. Bragg's opinions as unsupported by his mental status

11    evaluation.  The ALJ noted Plaintiff "was logical, attentive, and cooperative," and noted Plaintiff

12    could remember four digits forward, and three backward.  AR 24.  But that does not accurately

13    present the overall evaluation, which showed abnormalities in multiple areas of functioning.

14    Plaintiff's speech was "emitted in rapid bursts, consistent with psychomotor agitation."  AR 589.

15    He was "generally attentive and cooperative" but was "highly anxious and sweating throughout

16    much of the interview, and tearful intermittently."  *Id.*  He reported continuing suicidal ideation,

17    and could not remember the current date.  *Id.*  He showed impaired performance in memory,

18    fund of knowledge, concentration, abstract thought, insight, and judgment.  AR 589–90.  The

19    ALJ's finding that the mental status evaluation did not support Dr. Bragg's opinions was an

20    unreasonable interpretation of the evidence, and thus error.  *See Reddick v. Chater*, 157 F.3d 715,

21    722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is

22    not entirely accurate regarding the content or tone of the record").

23    The ALJ further erred in rejecting Dr. Bragg's opinions based on the determination that

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

1   Plaintiff's reports to Dr. Bragg were inconsistent with other treatment records.  The ALJ

2   supported this determination by saying Plaintiff reported ongoing suicidal ideation to Dr. Bragg,

3   but did not complain of ongoing suicidal ideation during therapy sessions.  AR 24.  This is

4   inaccurate, as Plaintiff regularly reported suicidal thoughts and ideations.  *See* AR 519, 534–35,

5   547, 554, 630, 685, 767, 769, 772, 778, 802.  Plaintiff in fact changed therapists specifically

6   because "he was dissatisfied that suicidality was not discussed more during his first session with"

7   his therapist.  AR 534.  An ALJ may not reject evidence based on an inaccurate portrayal of the

8   record.  *See Reddick*, 157 F.3d at 722–23.  The ALJ therefore harmfully erred in rejecting Dr.

9   Bragg's opinions.

10          **2.    Dr. Mayers**

11          Dr. Mayers examined Plaintiff in December 2016.  *See* AR 703–10.  Dr. Mayers

12   performed a clinical interview and thorough mental status evaluation.  *See* AR 703–09.  Dr.

13   Mayers opined Plaintiff was "unable to manage his own money because of his limited math and

14   judgment skills."  AR 709.  Dr. Mayers opined Plaintiff "may be able to interact with others in a

15   work-like situation, but he is having serious memory problems and will not recall past

16   conversations."  *Id.*  She opined Plaintiff's "memory problems and decreased cognitive skills are

17   likely to be a serious interfering factor."  *Id.*

18          The ALJ gave Dr. Mayers's opinions limited weight. AR 23.  The ALJ reasoned the

19   opinion was "extremely limited and somewhat vague."  *Id.*  The ALJ stated "Dr. Mayers

20   qualified the second half of the opinion by describing the type of directions the claimant could

21   follow as 'fairly' simple."  *Id.*  The ALJ noted the remainder of Dr. Mayers's statements were a

22   summary of her mental status evaluation findings, each of which was "not a true functional

23   evaluation or opinion."  AR 23–24.

The ALJ did not harmfully err in discounting Dr. Mayers's opinions.  An ALJ need not

accept a medical opinion that is vague or fails to set forth any specific functional limitations.  *See*

*Thomas*, 278 F.3d at 957 (noting an ALJ "need not accept the opinion of any physician . . . if that

opinion is brief, conclusory, and inadequately supporting by clinical findings"); *Turner v.*

*Commissioner of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (upholding ALJ's evaluation of

doctor's assessment that failed to set forth any specific limitations on the claimant).  The ALJ

reasonably noted Dr. Mayers's opinions were vague, as her only statements regarding

functioning was that Plaintiff "may" be able to interact with others.  AR 709.  The rest of Dr.

Mayers's statements merely summarized Plaintiff's performance on exam, and did not set forth

functional work restrictions.  *See id.*  The ALJ therefore did not harmfully err in rejecting Dr.

Mayers's opinions.

### 3.      Dr. Petaja

Dr. Petaja performed a review of medical evidence regarding Plaintiff's claims.  *See* AR

582–84.  In particular, Dr. Petaja reviewed Dr. Bragg's report, and medical records from

Peninsula Behavioral Health.  *See* AR 582.  She gave opinions similar to Dr. Bragg, but

generally found Plaintiff's limitations less severe than Dr. Bragg.  *See* AR 583, 587–88.

The ALJ gave Dr. Petaja's opinions little weight.  AR 24.  The ALJ reasoned "Dr. Petaja

was not a treating or examining source, and this opinion relied too heavily on the one-time

evaluation of Dr. Bragg."  *Id.*

The ALJ erred in rejecting Dr. Petaja's opinions.  That Dr. Petaja was not a treating or

examining source does not, standing alone, justify rejecting her opinions.  *See* Social Security

Ruling 96–6p, 1996 WL 374180, at * (July 2, 1996) (explaining that an ALJ must consider

opinions from non-treating, non-examining medical sources); *see also Thomas*, 278 F.3d at 957

1   (noting that a non-examining doctor's opinions may constitute substantial evidence if they are

2   consistent with the other evidence in the record).  That Dr. Petaja relied on Dr. Bragg's opinions

3   also does not justify rejecting her opinions.  The ALJ erroneously rejected Dr. Bragg's opinions,

4   so she could not reasonably reject Dr. Petaja's opinions for relying on Dr. Bragg's opinions.  The

5   ALJ therefore harmfully erred in rejecting Dr. Petaja's opinions.

6       **4.**    **Scope of Remand**

7       Plaintiff asks the Court to remand this matter for an award of benefits.  *See* Pl. Op. Br.

8   11–12.  Remand for an award of benefits "is a rare and prophylactic exception to the well-

9   established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

10  Ninth Circuit has established a three-step framework for deciding whether a case may be

11  remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

12  has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759

13  F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed,

14  whether there are outstanding issues that must be resolved before a determination of disability

15  can be made, and whether further administrative proceedings would be useful."  *Treichler v.*

16  *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and

17  quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether,

18  "if the improperly discredited evidence were credited as true, the ALJ would be required to find

19  the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es]

20  the third step and credits [the improperly rejected evidence] as true, it is within the court's

21  discretion either to make a direct award of benefits or to remand for further proceedings."  *Leon*,

22  880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

23      The appropriate remedy here is to remand for further administrative proceedings.  Dr.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

1 | Bragg's and Dr. Petaja's opinions conflict with the opinions of Patricia Kraft, Ph.D., and

2 | Michael Brown, Ph.D. *See* AR 71–73, 100–02. The ALJ must resolve these conflicts, and

3 | translate any accepted opinions into a succinct RFC, which can be compared to vocational

4 | information. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing

5 | *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)) ("[T]he ALJ is responsible for

6 | translating and incorporating clinical findings into a succinct RFC.").

7 |      On remand, the ALJ shall reevaluate the opinions of Dr. Bragg and Dr. Petaja. The ALJ

8 | shall reevaluate all relevant steps of the disability evaluation process, and conduct further

9 | proceedings necessary to reevaluate the disability determination in light of this opinion.

10 | **CONCLUSION**

11 |      For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

12 | case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

13 | 405(g).

14 |      DATED this 12th day of August, 2020.

15 |

16 |

17 | RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE

18 |

19 |

20 |

21 |

22 |

23 |