UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD D. FAGUNDES,<br><br>Plaintiff,<br><br>v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:19-cv-6188-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSANT TO 42 U.S.C. § 406(b) |

    This matter comes before the Court on Plaintiff Ronald Fagundes's Motion for Attorney Fees under 42 U.S.C. § 406(b). Dkt. #18. Plaintiff seeks fees in the amount of $15,000. This amount is calculated as a requested gross fee of $20,085.32 minus the fee of $5,085.32 previously ordered under the Equal Access to Justice Act ("EAJA"). *Id*. Defendant neither supports nor opposes counsel's request. Dkt. #20 at 4. However, if Plaintiff's netted fee request is granted, "the Commissioner respectfully requests that the Order distinguish between the full amount determined as reasonable under 406(b) and the net amount awarded for payment purpose." *Id*.

    Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to 42 U.S.C. §§ 406(b). *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989). Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); *Stenswick v. Bowen,* 815 F.2d 519 (9th Cir.1987). Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002).

ORDER - 1

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Plaintiff was awarded $113,647.72 in past due benefits. Twenty-five percent of that is $28,411.93, which is greater than the requested award. The Court concludes the request is reasonable within the meaning of § 406(b). Because the awarded EAJA fees were lesser than the gross fee of $20,085.32, Plaintiff's counsel is due the net amount of $20,085.32 minus the $5,085.32 in EAJA fees that were previously awarded—$15,000. *See Gisbrecht* at 796.

## CONCLUSION

Accordingly, having reviewed Plaintiff's Motion, the Commissioner's Response, the exhibits and declarations attached thereto, and the remainder of the record, the Court ORDERS as follows:

1) Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C § 406(b) is GRANTED in part. Plaintiff's attorney, Debra J. Venhaus, is awarded reasonable fees in the sum of $15,000 ($20,085.32 minus the fee of $5,085.32 previously ordered under EAJA).

2) Any payment of fees is from the claimant's withheld past-due benefits. If the Commissioner has not withheld past-due benefits sufficient to satisfy this order and Plaintiff's attorney reports she is unable to collect the fee from the claimant, the Commissioner will satisfy this order via the procedures in the Program Operation Manual System (POMS) GN 03920.055.C.

DATED this 20th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2